NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-96

STATE OF LOUISIANA

VERSUS

RUDOLPH WILLIAMS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 97K3722B
HONORABLE ELLIS J. DAIGLE

**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.

APPEAL DISMISSED.

Hon. Earl B. Taylor
District Attorney, 27th JDC
P.O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-3041
COUNSEL FOR APPELLEE:
    State of Louisiana

Rudolph Williams, #422800, Pro Se
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648

**Gremillion, Judge.**

On February, 2, 2000, Defendant-Appellant, Rudolph Williams, pled guilty to distribution of cocaine, possession of marijuana with intent to distribute, and possession of cocaine 200-400 grams. In July 2000, the trial court sentenced Defendant to serve fifteen years at hard labor with the first five years to be served without benefit of probation, parole, or suspension of sentence for the distribution of cocaine conviction. The district court ordered Defendant to serve ten years at hard labor for possession marijuana with intent to distribute and sentenced Defendant to serve fifty years at hard labor without benefit of probation, parole, or suspension of sentence for his possession of cocaine conviction. The sentencing court ordered the penalties to run concurrently with each other. Defendant neither timely moved to reconsider his sentence nor appealed.

On June 22, 2006, Defendant filed an application for post-conviction relief with the trial court, alleging that his application should be considered based on the newly discovered evidence exception to La.Code Crim.P. art. 930.8. Moreover, Defendant argued that he was entitled to post-conviction relief because the newly discovered evidence was withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). Also, Defendant asserted an ineffective assistance of counsel claim based on his trial attorney's failure to timely perfect an appeal.

The trial court conducted a hearing on Defendant's application for post-conviction relief on November 9, 2006. After the trial court denied relief, Defendant made an oral motion for appeal. The trial court then granted the motion for appeal. On November 15, 2006, Defendant gave written notice of his intent to seek supervisory review; and in response, the district court set a December 9, 2006 return date. On November 17, 2006, Defendant filed a written notice of appeal and a

request for appointment of the Louisiana Appellate Project. On January 31, 2007, the district court granted Defendant an appeal, but it ordered Defendant to proceed in proper person.

After the lodging of the appeal, this court issued a rule to show cause why Defendant's appeal should not be dismissed as the judgment at issue is not appealable. In accordance with this court's order, Defendant filed a pleading, which acknowledged that the judgment was not appealable. However, Defendant also alleged that the error was made by the district court and requested this court to consider Defendant's appeal as an application for supervisory review. Because Defendant has already filed an application seeking supervisory review of the trial court's ruling and because that application is currently being considered under docket number KH06-1598, this court finds that there is no need to consider Defendant's appeal as an application for supervisory review.

Accordingly, Defendant's appeal is hereby dismissed.

**APPEAL DISMISSED.**